# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYHLAN DEES,<br><br>      Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INCORPORATED,<br><br>      Defendant. | Case No. |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Iron Mountain Incorporated ("Iron Mountain") by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-titled action to this Court from the 11th Judicial Circuit, St. Charles County, Missouri. In support of this Notice of Removal, Defendant states as follows:

## BACKGROUND

1. On November 9, 2020, Plaintiff Tyhlan Dees filed an action in the 11th Judicial Circuit, St. Charles County, Missouri, titled *Tyhlan Dees v. Iron Mountain Incorporated,* Case No. 2011-CC01068. Plaintiff alleges claims of race discrimination and retaliation pursuant to the Missouri Human Rights Act.

2. On November 18, 2020 Plaintiff served a copy of the Complaint and the Summons on Defendant. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other pleadings, orders, papers or exhibits now on file with the state court, are attached as Exhibit A.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after Defendant's receipt of a copy of an initial pleading setting forth the claims or relief upon which this action is based.

## **DIVERSITY JURISDICTION**

4. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because, as detailed below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

**I.     Diversity of Citizenship Exists Among the Parties.**

5. Plaintiff is a citizen and resident of the State of Missouri. (Compl. ¶ 1.)

6. Iron Mountain is a Delaware corporation with its principal place of business in Boston, Massachusetts. (Declaration of Kelly Ciano, attached as Exhibit B, ¶¶ 4-5.) Thus, for purposes of diversity of citizenship, Iron Mountain is a citizen of Delaware and Massachusetts, and not a citizen of Missouri.

**II.    The Amount in Controversy Exceeds $75,000.**

7. A defendant invoking the Court's diversity subject matter jurisdiction via removal has the burden of proving by a preponderance of the evidence that the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Where the plaintiff alleges no specific amount of damages or an amount under the jurisdictional minimum, the Court considers jurisdictional facts beyond the complaint's allegations in analyzing whether jurisdiction exists. *E.g., Harris v. TransAmerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (defendant's burden can be met by presentation of "some specific facts or evidence"). In making this determination, the question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount. *Bell*,

557 F.3d at 959.  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

8. Plaintiff is seeking the following damages: "loss of income he has suffered as a result of the unlawful acts of harassment, discrimination and retaliation, including back pay from the time of the unlawful harassment, discrimination and retaliation with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss of quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief" as well as attorneys' fees.  (Compl. p. 10.)

9. Although Defendant denies that Plaintiff is entitled to any relief whatsoever, his allegations satisfy the $75,000 jurisdictional amount in controversy threshold based on his potential to recover lost wages, emotional distress damages, punitive damages, and attorneys' fees in this action.

10. **Lost Wages**.  Plaintiff's employment with Iron Mountain terminated on or about August 26, 2020.  (Exhibit B ¶ 6.)  At that time, his annual pay rate was approximately $39,550.  (*Id.*)  If Plaintiff's claimed lost wages are calculated from his termination date through trial, which would likely not take place for at least a year, the amount of back pay in controversy equals at least approximately $52,733.[1]

11. **Emotional Distress Damages.**  Based on awards in other similar employment discrimination cases, Plaintiff's claim for emotional distress damages stemming from the alleged discrimination and retaliation puts in controversy over $75,000 by itself.  *See Ross v. Douglas*

---

[1] Defendant's lost wage estimate is conservative because Plaintiff also seeks front pay damages. (Compl. p. 10.)

33584848v.1

*County, Nebraska*, 234 F.3d 391, 397 (8th Cir. 2000) (upholding award of $100,000 for emotional damages related to claims of racially discriminatory disparate treatment, retaliation, and hostile work environment); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1067 (8th Cir. 1997) (award of $100,000 in emotional damages to plaintiff who was denied promotion because of racial discrimination not excessive); *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1062 (8th Cir. 1993) (jury award of $125,000 for past mental anguish not excessive for plaintiff who was terminated because of her sex and brought claim under Missouri Human Rights Act).

12. **Punitive Damages.** Plaintiff also seeks punitive damages under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111(4), which are available where the plaintiff "adduce[s] clear and convincing proof of a culpable mental state, either from a wanton, willful, or outrageous act, or from reckless disregard for an act's consequences such that an evil motive may be inferred." *McGhee v. Schreiber Foods, Inc.*, 502 S.W.3d 659, 673 (Mo. Ct. App. 2016). If Plaintiff's allegations are credited by a fact-finder, it is plausible that such allegations could support a punitive damages award in excess of $75,000. *See Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (punitive damages award of $120,000 appropriate for Missouri Human Rights Act plaintiff terminated in retaliation for complaining about discrimination); *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1211-12 (8th Cir. 1999) (punitive damages award of $135,000 appropriate for Missouri Human Rights Act plaintiff terminated after complaining about sexual harassment).

13. **Attorneys' Fees.** Plaintiff's claim for attorneys' fees under the Missouri Human Rights Act, *see* Mo. Rev. Stat. § 213.111, would also independently exceed the amount in controversy threshold. *See Peterson v. Trav. Indem. Co.*, 867 F.3d 992, 995-96 (8th Cir. 2017) (statutory attorneys' fees count toward the amount in controversy); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) (reasonable future attorneys' fees

count towards jurisdictional threshold); *Bowolak v. Mercy East Communities*, 452 S.W.3d 688, 701 (Mo. Ct. App. 2014) (upholding award of $81,500 in attorneys' fees on plaintiff's successful claim that he was terminated because of his disability in violation of Missouri Human Rights Act); *Quigley v. Winter*, 598 F.3d 938, 958-59 (8th Cir. 2010) (awarding $78,044.33 in attorney's fees to a plaintiff in a discrimination suit under Iowa law).

14. Based on Plaintiff's potential recovery for lost wages, emotional distress damages, punitive damages and attorneys' fees, Plaintiff's potential damages in this case easily exceed $75,000.

15. Because this action is between citizens of different states and the amount in controversy plausibly exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

16. Because this action is pending in the 11th Judicial Circuit, St. Charles County, Missouri, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

17. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of the Court for the 11th Judicial Circuit, St. Charles County, Missouri, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Defendant's Notice of Removal is attached as Exhibit C.

18. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not

33584848v.1

interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**DATED:** December 17, 2020

        Respectfully submitted,

        LATHROP GPM, LLP

        By: */s/ Emily E. Cantwell*
           Emily E. Cantwell
           emily.cantwell@lathropgpm.com
           LATHROP GPM
           7701 Forsyth Boulevard, Suite 500
           Clayton, Missouri  63105
           Telephone:  (314) 613-2800
           Facsimile:  (314) 613-2801

           Uma Chandrasekaran (*pro hac vice* to be submitted)
           Seyfarth Shaw LLP
           233 South Wacker Drive, Suite 8000
           Chicago, Illinoi 60606
           Telephone:  (312) 460-5000
           Facsimile:  (312) 460-7000

           Attorneys for Defendant
           Iron Mountain Incorporated

## CERTIFICATE OF SERVICE

I certify that on December 17, 2020, I served a true and correct copy of ***Defendant's Notice of Removal*** by the United States Postal Service on the following attorney of record:

>Kevin James Kasper
>3930 Old Hwy 94 South, Ste 108
>Saint Charles, Missouri 63304

>*/s/ Emily E. Cantwell*
>Counsel for Defendant

33584848v.1