

**Your Missouri Courts**

ase.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess   **Logoff EMILYKISER**

**2011-CC01068 - TYHLAN DEES V IRON MOUNTAIN INCORPORATED (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending    Display Options: [All Entries]

---

**11/19/2020**    ☐ **Return Service - Other**
Document ID - 20-SMCC-2035; Served To - IRON MOUNTAIN INCORPORATED; Server - WAYNE POLETTE BONDING; Served Date - 18-NOV-20; Served Time - 16:10:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED ALEX CROSSMAN, RECORDS CENTER COORDINATOR.

☐ **Cert Serv Req Prod Docs Things**
Certificate of Service re Plaintiffs Discovery Requests.
    **Filed By:** KEVIN JAMES KASPER
    **On Behalf Of:** TYHLAN ZYAIRE DEES

☐ Notice of Service
Return of Service of Summons upon Alex Crossman Records Center Coordinator for Iron Mountain Inc.
    **Filed By:** KEVIN JAMES KASPER

**11/09/2020**    ☐ **Order - Special Process Server**
☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-2035, for IRON MOUNTAIN INCORPORATED. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPP

☐ Filing Info Sheet eFiling
    **Filed By:** KEVIN JAMES KASPER

☐ **Motion Special Process Server**
Request for Appointment of SPS.
    **Filed By:** KEVIN JAMES KASPER
    **On Behalf Of:** TYHLAN ZYAIRE DEES

☐ **Pet Filed in Circuit Ct**
Petition.

☐ Judge Assigned

---

EXHIBIT A

**2011-CC01068**

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

## IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
## CIRCUIT JUDGE DIVISION

| | |
|---|---|
| **TYHLAN DEES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **IRON MOUNTAIN INCORPORATED,** | ) |
| **Serve:** | ) |
| **Person having charge** | ) |
| **36Commerce Drive** | )     **JURY TRIAL DEMANDED** |
| **O'Fallon, MO 63366** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S PETITION
## FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

COMES NOW, Plaintiff Tyhlan Dees, by and through his attorneys, and for his Petition

for Violations of the Missouri Human Rights Act against Iron Mountain Incorporated, states:

## JURISDICTION AND PARTIES

1.      Plaintiff, Tyhlan Dees is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri.

2.      Defendant Iron Mountain Incorporated ("Iron Mountain") is a corporation that at

all relevant times herein conducted business within Saint Charles County, Missouri.

3.      Venue is proper pursuant to §508.010 and §213.111 R.S.Mo. because a

substantial part of the events giving rise to this cause of action occurred in Saint Charles County,

Missouri.

4.      Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010

R.S.Mo., et seq. (MHRA)

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

**FACTS COMMON TO ALL COUNTS**

5.    Plaintiff began working at Iron Mountain on or about August 5, 2019 as a quality control analyst.  March 16, 2020.

6.    Plaintiff is African American.

7.    Plaintiff's supervisor Floyd Crenshaw harassed him.

8.    Crenshaw called Plaintiff "ghetto".

9.    Crenshaw discouraged other workers from speaking with Plaintiff.

10.    Crenshaw flipped the lights on and off while Plaintiff was in the rest room.

11.    Crenshaw approached Plaintiff, flatulated and walked away laughing.

12.    Plaintiff asked Crenshaw why he kept harassing him.

13.    Crenshaw denied harassing Plaintiff and told Plaintiff his complaint was not important.

14.    The Operations Manager Dwight Mullen also harassed Plaintiff.

15.    Mullen told Plaintiff to take out his earbuds but did not tell the other employees to do so.

16.    Shortly after George Floyd was killed, Dwight commented that he had a game that he likes to play called "wringing the rat's neck" and that his favorite part was watching the rat squirm.

17.    Floyd Crenshaw and Dwight Mullen did not harass any of the Caucasian workers.

18.    Plaintiff requested a meeting with the Project Manager Steven Williams to address the harassment and discrimination.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

19. Plaintiff met with Williams took place on or about March 12, 2020 and complained about the discrimination and harassment he was facing.

20. On March 23, 2020, Dwight Mullen revealed that another employee had contracted the COVID-19 virus.

21. Dwight Mullen was exhibited extreme distress due to the COVID-19 situation.

22. Most employees left early that day.

23. Steven Williams called Plaintiff later in the day and told him that Plaintiff was suspended because Plaintiff violated HIPPA policy referring to the employee they assumed had the COVID-19.

24. Williams would not let Plaintiff explain the situation.

25. Supervisor Pamela told Plaintiff that Dwight asked her to lie and state that Plaintiff violated HIPPA, however, she refused to do so.

26. Plaintiff's coworker told him that she overheard Dwight and Floyd discussing his suspension.

27. Plaintiff discusses his suspension with Human resource representative Maria Boykins.

28. Maria Boykins told Plaintiff to lie to his coworkers and tell them that he was out because of a COVID-19 quarantine.

29. Maria Boykins stated that Dwight Mullen admitted that he lied about Plaintiff violating HIPPA.

30. Upon reason and belief Dwight Mullen was not reprimanded for his lie about Plaintiff violating HIPPA or for harassing Plaintiff.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

31.     Upon reason and belief Floyd Crenshaw was not reprimanded for harassing Plaintiff.

32.     Dwight had retaliated against him because Plaintiff had complained about the harassment.

33.     Defendant allowed Plaintiff to return on April 13, 2020.

34.     Defendant gave Plaintiff a "Final Warning" on April 13, 2020.

35.     Defendants procedures specified the use a multi-step reprimand system consisting of "First Warning", "Second Warning" and "Final Warning".

36.     Defendant skipped the first two steps with Plaintiff.

37.     The allegations Defendant gave for the Warning were that Plaintiff left work without informing a supervisor, which was false, because Plaintiff had informed management on the referenced event that Plaintiff was leaving work.

38.     Plaintiff had asked Steve and Maria Boykin in HR to review the video footage from that day, but they refused.

39.     Defendant also alleged that Plaintiff had 2.5 unplanned absences.

40.     The referenced absences were from before Plaintiff was hired as a direct employee of Iron Mountain.

41.     The absences had not been an issue until after Plaintiff complained about the discrimination and harassment and until it was determined that the reason Plaintiff was suspended was based on a lie.

42.     Other workers missed days and were not reprimanded.

43.     Plaintiff noted that the reason Plaintiff took off was to care for his sick daughter.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

44.    Defendant allowed female workers to take leave to care for their children without recourse.

45.    The April 13 Final Warning was further retaliation against Plaintiff for his complaints of harassment and discrimination.

46.    Plaintiff dually filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") on or about May 12, 2020.

47.    Floyd Crenshaw and Dwight Mullen avoided Plaintiff after he returned to work after his suspension.

48.    Floyd Crenshaw told other employees not to talk to Plaintiff and that Plaintiff was on his last leg.

49.    Floyd Crenshaw also told other employees that Plaintiff "stunk up the restroom".

50.    Floyd Crenshaw referred to Plaintiff as "doodoo boy" and "that brother".

51.    Dwight Mullen would walk past Plaintiff without addressing him but would say "hi" to everyone else.

52.    Dwight Mullen would not apologize to Plaintiff for lying about him violating HIPPA.

53.    Plaintiff requested a meeting with Floyd Crenshaw and Plaintiff told him that Plaintiff wanted to speak with things that were not sitting right with him.

54.    Floyd Crenshaw denied everything and stated he did not have time to deal with it.

55.    Plaintiff called Steven Williams and told hm about the meeting with Floyd Crenshaw.

5

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

56.    Steven Williams told Plaintiff he would document the incident.

57.    Plaintiff had a phone meeting with Steven Williams and Laurra Mosillo on May 7, 2020.

58.    Dwight Mullen had accused Plaintiff of not doing his work properly.

59.    They accused Plaintiff of not doing his work correctly, however, Plaintiff was able to refute the allegations.

60.    They told Plaintiff that he should not ask his supervisor questions.

61.    It was apparent to Plaintiff that they were looking for an excuse to terminate him.

62.    Iron Mountain terminated Plaintiff on August 26, 2020.

63.    They alleged that Plaintiff's termination was due to a "decrease in inventory".

64.    Iron Mountain did not terminate any other worker at the facility where Plaintiff worked.

65.    Plaintiff had more seniority than many of the workers who were not terminated.

66.    Plaintiff had even trained several of the workers who were not terminated.

67.    Plaintiff asked Steven Williams why they terminated him and not the other employees.

68.    Williams would not answer Plaintiff.

69.    Plaintiff dually filed a second charge of discrimination with the EEOC and MCHR on October 19, 2020 to address additional discrimination and retaliation.


## COUNT I – VIOLATIONS OF THE MHRA


70.    Plaintiff restates all previous paragraphs of his petition herein.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

71.    This Count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

72.    Section 213.055 R.S.Mo. states in relevant part "It shall be an unlawful employment practice . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,  national origin, sex, ancestry, age or disability" and "[t]o limit, segregate, or classify his employees or his employment applicants in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability".

73.    Section 213.070 R.S.Mo. states in relevant part "It shall be an unlawful discriminatory practice for an employer . . .  [t]o retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter".

74.    Iron Mountain  harassed and discriminated against Plaintiff based upon his race, color, gender and in retaliation for his complaints of discrimination and harassment and because he filed a charge of dicrimination.

75.    Iron Mountain limited, segregated, and classified plaintiff to deprive his of employment opportunities and adversely affect his status as an employee because of his race, color, gender and in retaliation for his complaints of discrimination and harassment and because he filed a charge of dicrimination.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

76.    Defendant harassed, discharged, and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his race, color, gender and in retaliation for his complaints of discrimination and harassment and because he filed a charge of dicrimination.

77.    Defendant subjected Plaintiff to a hostile work environment due to his race, color, gender and in retaliation for his complaints of discrimination and harassment and because he filed a charge of dicrimination.

78.    Defendant established and permitted an environment very hostile to African American workers, persons of color and individuals of minority race, color, genders including the plaintiff, thereby making it difficult for the Plaintiff to perform his job duties.

79.    Defendant was aware of the harassment and discrimination inflicted on the Plaintiff.

80.    The management staff for the Defendant was unsupportive of the Plaintiff's complaints.

81.    The management staff for the Defendant failed to take appropriate action after Plaintiff complained of harassment.

82.    The harassment and discrimination Plaintiff were subjected to was frequent and continuing in nature.

83.    Defendant took discriminatory and harassing actions towards the Plaintiff regarding his job duties.

84.    Defendant retaliated and discriminated against Plaintiff because of his complaints of discrimination and harassment and because he filed a charge of dicrimination.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

85.    The discriminatory and harassing actions of Plaintiff's coworkers, managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

86.    Plaintiff found his work environment to be hostile, offensive and/or abusive.

87.    Plaintiff complained to supervisors for the Defendant about the issues but they each refused to adequately address the situation.

88.    Defendant did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

89.    Defendant failed to provide the Plaintiff any preventive or corrective opportunities.

90.    Defendant, by its actions and failures to act, including but not limited to those described above, have consistently harassed and discriminated against the Plaintiff on account of his race, color, gender and complaints of discrimination and harassment on a continuing basis, since at least August 5, 2019 to the date Plaintiff's employment ended, as an act or part of a pattern or practice of discrimination and retaliation by the Defendant, as it relates to employment.

91.    Plaintiff's race, color, gender and complaints of discrimination and harassment were a contributing and motivating factor and the exclusive cause in Defendant's retaliation and actions against his including his termination.

92.    Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life because of the actions of the Defendant.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

93.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

94.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

95.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Tyhlan Dees pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Iron Mountain Incorporated, has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

Respectfully submitted,

**KASPER LAW FIRM, LLC**


By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

11



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>TED HOUSE | **Case Number:  2011-CC01068** |
|---|---|
| Plaintiff/Petitioner:<br>TYHLAN ZYAIRE DEES | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| vs. | |
| Defendant/Respondent:<br> IRON MOUNTAIN INCORPORATED | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  IRON MOUNTAIN INCORPORATED<br>Alias: | |
|---|---|

**36 COMMERCE DRIVE**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____11/9/2020_____          _____/S/  Cheryl Crowder_____
Date                                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                                          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
## CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| TYHLAN DEES, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:**    **2011-CC01068** |
| | ) | |
| vs. | ) | |
| | ) | |
| IRON MOUNTAIN INCORPORATED | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO DEFENDANT IRON MOUNTAIN INCORPORATED

Comes now Plaintiff, TYHLAN DEES and in accordance with the Missouri Rules of Civil Procedure, exhibits the following interrogatories to be answered by Defendant Iron Mountain Incorporated, under oath within Thirty (30) days.

In answering these interrogatories, all information is to be divulged which is possessed by or available to You, Your attorneys, investigators, agents, employees, insurers, or others employed by or acting in Your behalf.

## Instructions

If any information to an interrogatory is not completely known or available to you, please answer to the extent possible and give any reasons for your inability to answer fully.

Whenever your answers to interrogatories refer to other sources of information, please identify such source with sufficient detail to enable Plaintiff to subpoena any persons who are the source of such information and to obtain by a subpoena duces tecum any document which serves as a source of information.

1

To the extent required by law, these interrogatories are to be deemed continuing, and if you or your attorneys, agents, representatives or other responsible persons discover additional information as to matters inquired of in such interrogatories between the time the answers are made and the date of trial, supplemental answers shall be filed, fully setting forth such newly discovered information.

Terms not otherwise defined in these interrogatories shall have the meaning given to them in Plaintiff's Petition.

Space is included for answers to these interrogatories upon the original as required by rule. If additional space is required, separate attachments may be used and properly designated.

If you assert any privilege regarding any document or information, with respect to such document: (1) identify it, (2) state the basis for the claim of privilege, (3) describe fully the circumstances of the document's origin, and (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents.

## **Definitions**

As used herein, the terms "YOU," "YOUR" and "DEFENDANT" refer to Defendant Iron Mountain Incorporated, its officers, directors, agents, employees, attorneys, predecessors-in-interest, successors, subsidiaries, and all other persons acting or purporting to act on their behalf.

"PLAINTIFF" or "PLAINTIFF'S" shall mean the plaintiff in this action, TYHLAN DEES.

As used herein, the term "document" means, without limitation, the following items: printed, recorded or produced by mechanical or computer generated process, or written or produced by hand, and includes without limitation, handwritings, typewritings, printing, photostating, photographing and every other means of recording or preserving a verbatim summary

2

or record of any form of communication or representation, including letters, words, pictures, sounds, symbols or any combination thereof and/or all transcript copies thereof; all records, reports, papers, Documents, books, logs, diaries, calendars letters, notes, memoranda, agreements, communications, brochures, correspondence, telegrams, computer diskettes, copies of computer diskettes, computer print-outs in any form, summaries of records of telephone conversations, summaries of records of meetings or conferences, summaries of reports of investigations, paste-ups, lay-outs, mock-ups statements, receipts, invoices, records of account and other writings as they may be defined by the rules of civil procedure and rules of evidence. As used herein, the term "Petition" refers to the lawsuit on file in the in the Saint Charles County, Missouri Circuit Court, *Tyhlan Dees v. Iron Mountain Incorporated*, Case Number 2011-CC01068.

As used herein, the term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

The terms "refer or relating to" mean connected with, reflecting, having an association with, depicting, illustrating, discussing, mentioning or otherwise having some direct or indirect relation to the allegations contained in PLAINTIFF'S Petition in this matter.

As used herein, the term "TERMINATION" means the actual or constructive termination of the PLAINTIFF'S employment including any termination of employment, firing, discharge, reduction-in-force, layoff, resignation, or completion of the term of the employment agreement.

As used herein, the term "ADVERSE EMPLOYMENT ACTION" means any TERMINATION, demotion, probation, suspension, reprimand, transfer, decrease in salary or wages, failure or refusal to promote, and/or failure or refusal to hire.

As used herein, the term "IDENTIFY" means, when used in connection with a person or entity, to state the full and complete name, address, telephone and facsimile transmission number, and e-mail address of such person or entity.

As used herein, the term "IDENTIFY" means, when used in connection with a DOCUMENT, to state the full and complete name, address, telephone of the author(s), recipient(s), and the person(s) currently in possession of the DOCUMENT.   If such document was, but is not now, in your possession or subject to your control, state what disposition was made of it and state the date of such disposition. Documents prepared after an event described in your interrogatory answer, but which refer to such event, shall be included and similarly identified.

As used herein, the term "PERSON" means any individual, group of individuals, or business entity including, without any limitation whatsoever, any corporation, partnership, joint-venture, association, non-profit organization, for profit organization, educational institution, trust, limited liability company, or public entity.

### Interrogatories

1.      Please state:
 a) The name and address of the Person or Persons answering these interrogatories;
 b) His/her relationship to Defendant; and
 c) His/her position of employment.
 **ANSWER:**

2.      If You contend that the Plaintiff's employment relationship with You was governed by any agreement—written, oral, or implied – please:
 a) State all facts upon which You base this contention;

4

b) Identify each Person who has knowledge of those facts; and

c) Identify all Documents which support Your contention.

**ANSWER:**

3.       If any part of the Plaintiff's employment relationship with You was governed in whole or in part by any written rules, guidelines, policies, or procedures established by You, please:

a) Identify the Document and provide a general description of its contents;

b) State the manner in which the Document was communicated to Plaintiff; and

c) State the manner, if any, in which Plaintiff acknowledged either receipt of the Document or knowledge of its contents.

**ANSWER:**

4.       If there any Communications between the You and Plaintiff about Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination, please:

a) Identify each Person who made or received the Communications;

b) Identify each Person who witnessed the Communications;

c) Describe the date and substance of the Communications; and

d) Identify each Document which refers to the Communications.

**ANSWER:**

5.      If You conducted an investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination, please:
   a) Identify each individual who conducted Your investigation;
   b) Identify each individual interviewed as part of Your investigation;
   c) Identify each Document reviewed as part of Your investigation;
   d) State in full and complete detail the results of Your investigation;
   e) Identify each Document created as part of Your investigation;
   f) State in full and complete detail any action taken by You as a result of Your investigation.

**ANSWER:**

6.      If You terminated Plaintiff's employment, please:
   a) State all reasons for the termination of Plaintiff's employment;
   b) identify each person who made the decision to terminate Plaintiff 's employment;
   c) identify each person who participated in the decision to terminate Plaintiff's employment;
   d) identify each person who provided any information relied upon in the decision to terminate Plaintiff's employment; and
   e) identify all documents relied upon in the decision to terminate Plaintiff's employment.

**ANSWER:**

7.      Do you allege that Plaintiff has violated any rules, policy or codes of conduct of Defendant?  If your answer is in the affirmative, please state for each such instance:

6

a)      The rule, policy or code of conduct violated;
b)      State verbatim the language of the rule, policy or code of conduct;
c)      The date of the violation;
d)      Identify each individual who witnessed such violation;
e)      The date(s) you brought such violation to the attention of the plaintiff;
f)      Identify any documents referring to such violation;
g)      Identify whether you conducted an investigation into the violation;
h)      Identify each individual interviewed as part of Your investigation;
i)      Identify each Document reviewed as part of Your investigation;
j)      State in full and complete detail the results of Your investigation;
k)      Identify each Document created as part of Your investigation;
l)      State in full and complete detail any action taken by You as a result of Your investigation.

**ANSWER:**

8.      If anyone was hired to replace Plaintiff please:
 a)  Identify the Person;
 b)  State the Person's job title;
 c)  State the Person's qualifications;
 d)  State the date the Person was hired.
**ANSWER:**

7

9.      Except for Plaintiff's present lawsuit against You, if, in the past 5 years, any employee has filed a civil action against You regarding his or her employment, please:
   a)  Identify each employee who filed the action;
   b)  State the court, names of the parties, and case number of the civil action;
   c)  Identify each attorney representing the employee; and
   d)  State whether the action has been resolved or is pending.
**ANSWER:**

10.     Identify each type of Benefit to which Plaintiff would have been entitled, from the date of Plaintiff's termination to present, if the Plaintiff had remained in the same job position, and for each such benefit state the amount you would have paid to provide the Benefit for Plaintiff during this time period and the value of the Benefit to Plaintiff.
**ANSWER:**

11.     List and Identify:
   a.  Each Person this Defendant expects to call as an expert witness at the trial, stating for each such expert:
   b.  Name:
   c.  Address:
   d.  Occupation:
   e.  Place of Employment
   f.  Qualifications to give an opinion (if such information is available on an expert's curriculum vitae You may attached a copy thereof in lieu of answering this interrogatory subpart.
   g.  With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

8

**ANSWER:**

12.     Identify each employee working at Iron Mountain Incorporated from January 1, 2014 through the present, and for each state their

a)  Hire date;

b)  Termination date;

c)  Reason for termination;

d)  Job classification;

e)  Job title;

f)  Salary;

g)  Age;

h)  Sex;

i)  Affirmative action code;

**ANSWER:**

13. Identify all witnesses who may testify at the trial of this action, and for each such witness, state the name, address, phone number of the witness, and the subject matter with regard to which s/he will testify.

   **ANSWER:**

14. State whether or not any insurance company has an interest in the outcome of this litigation against Defendant(s). If so, state the following:

   a)  Name of the insurance company;

   b)  Name of the insured;

   c)  Type(s) of insurance;

   d)  Effective policy dates;

   e)  Policy number;

   f)  Policy limits;

   g)  Attach a copy of the declaration page or Certificate of Coverage of such policy of insurance to your answers to these Interrogatories.

   **ANSWER:**

## **VERIFICATION**

STATE OF _____        )

                                              ) SS.

COUNTY OF _____        )

_____, being of lawful age and first duly sworn, deposes and states that s/he has read the foregoing answers to Plaintiff's First Set Interrogatories Directed to Defendant and that the same are true and correct according to his/her best knowledge and belief.

**Iron Mountain Incorporated**

By:_____

Title:_____

Subscribed and sworn to before me this _____ day of _____ 20_____.

_____

Notary Public

Respectfully submitted,

**KASPER LAW FIRM, LLC**


By:*/s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served, including a copy in MS Word format on CD Rom, along with the summons to the defendant:


*/ Kevin J. Kasper*

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | | |
|---|---|---|
| **TYHLAN DEES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:    2011-CC01068** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **IRON MOUNTAIN INCORPORATED** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**DIRECTED TO DEFENDANT IRON MOUNTAIN INCORPORATED**

Comes now Plaintiff Tyhlan Dees, by and through counsel, and pursuant to Missouri Rule of Civil Procedure 58.01(a), requests that Defendant Iron Mountain Incorporated, produce the following Documents and things at the Kasper Law Firm, 3930 Old Highway 94 South, Suite 108, St. Charles, MO, 63304, within thirty (30) days from service as provided by law:

**INSTRUCTIONS**

The following instructions are to be considered applicable to this request with respect to each document sought herein:

1. **ORIGINAL DOCUMENTS**

In producing these documents, you are requested to produce originals, not copies, of the documents requested. You are also requested to furnish all documents known or available to you, regardless of whether these documents are held or produced directly by you or your agent, employees, representatives, investigators, partners, or by your attorneys or their agents, employees, representatives or investigators. The documents which are sought by this request for production shall include not only those documents which are in the dominion or control of yourself, or your

1

representatives or agents, but also those which are held by anyone on your behalf, and not merely such documents as are known to you of your own personal knowledge.

**2.** **<u>COPIES</u>**

If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies are not identical or are no longer identical by reason of subsequent notations or modifications of any kind whatsoever, including without limitation, notations on the front and the back of the pages thereof, then each such non-identical copy is a separate document and must be produced.

**3.** **<u>PRIVILEGES</u>**

In the event that you seek to withhold any documents on the basis that it is properly entitled to limitation of discovery, or is subject to a Insurance Policy of privilege, please identify each such document withheld by providing the following information:

A. The date of the document;

B. The subject to which the document relates;

C. The author of the document, and the author's address;

D. The name of the recipient, addressee, or party for whom such document was intended, and the name of all other persons to whom the document or copies thereof were furnished, as well as those to whom it, or copies thereof, became available at any time, together with the job title and address of each person so identified; and,

E. The basis for the Insurance Policy or privilege. If you assert a privilege as to any portion of any categories of materials described herein, please produce the remainder of that category as to which you do not assert a privilege.

**4.** **<u>LOST DOCUMENTS OR THINGS</u>**

2

If any document to be produced was, but is no longer in your possession and control, or is no longer in existence, state whether it is:

(1) Missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

(2) For each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition.

5. **<u>DEFINITIONS</u>**

A. As used in this Request, the term "document" means, without limitation, all materials within the full scope of the rules of civil procedure including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

3

B. The terms "refer or relating to" mean connected with, reflecting, having an association with, depicting, illustrating, discussing, mentioning or otherwise having some direct or indirect relation to the allegations contained in PLAINTIFF'S Petition in this matter.

C. "YOU", "YOUR" or "DEFENDANT" shall mean and include Defendant, Iron Mountain Incorporated, its agents, representatives and employees.

D. "PLAINTIFF" or "PLAINTIFF'S" shall mean the plaintiff in this action, TYHLAN DEES.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.    Documents that Relate or Pertain to the Plaintiff.

2.    The complete personnel file(s) of Plaintiff including employment application, resume, acknowledgments of receipt of employment handbook and other Documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information.

3.    The jacket of Plaintiff's personnel file.

4.    Unofficial, supervisor, or "desk" files regarding the Plaintiff.

5.    Plaintiff's application for employment with Defendant.

6.    Memoranda or any other Documents that Relate or Pertain to any pre- employment interview which You had with Plaintiff before Plaintiff was hired by Defendant.

7.    Documents that Relate or Pertain to Defendant's offer of a job to Plaintiff.

8.    Resumes of the Plaintiff.

9.    Documents given to Plaintiff by You upon Plaintiff's hiring.

10.    Documents given to You by Plaintiff upon Plaintiff's hiring. The Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for every year of Plaintiff's employment with Defendant.

11.    Documents that Relate or Pertain to any performance evaluations or job reviews of Plaintiff during Plaintiff's employment with Defendant.

12.    Documents identified in any of your answers to interrogatories directed to you in this matter.

13.    Documents that Relate or Pertain to Plaintiff's attendance record while employed by You, including, but not limited to, time cards and computerized time sheets.

14.    If You contend that Plaintiff's attendance record at work was less than satisfactory, please produce Documents that Relate or Pertain to such a contention.

15.    If You contend that Plaintiff's work performance was less than satisfactory at any time during Plaintiff's employment with You, please produce Documents that Relate or Pertain to such a contention.

16.    Any and all written job descriptions or any other Documents that Relate or Pertain to the work duties and/or responsibilities of each position held by Plaintiff during Plaintiff's employment with Defendant.

17.    Any and all written contracts or agreements entered into between You and Plaintiff.

18.    Documents that Relate or Pertain to any oral contracts or agreements entered into between You and Plaintiff.

19.    Documents that Relate or Pertain to any write-ups, complaints, comments, criticisms or warnings, oral or written, concerning Plaintiff's work performance.

20.    Any and all charts, diagrams, or other Documents which Relate or Pertain to the organizational structure of Defendant.

21.    Any and all personnel manuals, employee handbooks, benefits manuals and salary schedules which were in effect at any time during Plaintiff's employment with Defendant.

22.    Any and all supervisors' manuals that were in effect at any time during Plaintiff's employment with Defendant.

23.    Documents that Relate or Pertain to Defendant's policies regarding health insurance, retirement benefits, sick leave, vacation pay, part-time work, profit-sharing plans and/or other fringe benefits, including, but not limited to, all summary plan descriptions which were applicable to Plaintiff's employment with Defendant.

24.    Documents that Relate or Pertain to Defendant's policies on discipline (progressive or otherwise), termination, salary increases, promotions and/or severance pay which were in effect at any time during Plaintiff's employment with Defendant.

25.    Documents that Relate or Pertain to Defendant's policies or procedures regarding performance evaluations which were in effect at any time during Plaintiff's employment with Defendant.

26.    Any and all photographs, negatives, recordings and/or videotapes of Plaintiff.

27.    Documents that Relate or Pertain to any written statements or declarations (signed or unsigned), made by any person, which mention, discuss or refer to Plaintiff.

28.    Documents that Relate or Pertain to any of Defendant's policies, guidelines or procedures regarding complaint(s) of harassment, discrimination and/or wrongful termination which were in effect at any time between January 1st, 2018 and the present.

29.    Documents that Relate or Pertain to any of Defendant's policies, guidelines or procedures regarding the handling of employee complaint(s) of harassment, discrimination and/or wrongful termination, which were in effect at any time between January 1st, 2018 and the present.

30.    Documents that Relate or Pertain to any of Defendant's policies, guidelines or procedures regarding the investigation of employee complaint(s) of harassment, discrimination and/or wrongful termination, which were in effect at any time between January 1st, 2018 and the present.

31.    Documents which in any way Relate or Pertain to any allegations made by Plaintiff that Plaintiff was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during Plaintiff's employment with Defendant.

32.    Documents that Relate or Pertain to any conversations or communications by, among or between Plaintiff and any past or present employee, officer, agent or director of Defendant regarding any allegations made by Plaintiff that Plaintiff was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during his/her employment with Defendant.

33.     Documents that Relate or Pertain to any conversations or communications by, among or between any past or present employees, officers, agents or directors of Defendant regarding any allegations made by Plaintiff that he or she was being or had been harassed, discriminated against, retaliated against or otherwise unfairly treated at any time during his/her employment with Defendant.

34.     Documents that Relate or Pertain to any investigation conducted by You of any charges, complaints, allegations and/or reports, formal or informal, of harassment, discrimination and/or retaliation made by Plaintiff against any of Defendant's employees, officers, directors or agents.

35.     Documents that Relate or Pertain to any warnings, oral or written, given to any supervisors of Plaintiff in connection with any complaints, charges, grievances or allegations of harassment, discrimination and/or retaliation, which were made by Plaintiff.

36.     Documents that Relate or Pertain to any reprimand, demotion or other disciplinary action taken against any supervisors of Plaintiff as a result of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, by Plaintiff that they had engaged in harassment, discrimination and/or retaliatory conduct.

37.     Documents that Relate or Pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person other than Plaintiff, against any supervisors of Plaintiff at any time during their employment with You.

38.     Documents that Relate or Pertain to any reprimand, demotion or other disciplinary action taken against any supervisors of Plaintiff as a result of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, that they had engaged in harassment, discrimination and/or retaliatory conduct against any person other than Plaintiff, at any time during Plaintiff's employment with You.

39.     Documents that Relate or Pertain to any investigation of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination and/or retaliation,

which were made by any person other than Plaintiff, against any supervisors of Plaintiff at any time during his or her employment with You.

40.    Documents that Relate or Pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person against any of Your employees, agents, managers, officers, supervisors or directors at any time between January 1st, 2015 and the present.

41.    Documents that Relate or Pertain to any harassment and/or discrimination training which was conducted by Defendant between January 1st, 2018 and the present.

42.    Documents that Relate or Pertain to any supervisors' of Plaintiff attendance at any harassment and/or discrimination training conducted by or on behalf of Defendant.

43.    Documents that Relate or Pertain to Plaintiff's attendance at any harassment and/or discrimination training conducted by or on behalf of Defendant.

44.    Documents that Relate or Pertain to any investigation conducted by Defendant into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination.

45.    Documents that reflect or show the educational background of the individual who conducted the Defendant's investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination.

46.    Documents that reflect or show any investigation training taken by the individual who conducted the Defendant's investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination.

47.    Documents that reflect or show how many investigations have been conducted by the individual who conducted the Defendant's investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination.

48.    Documents that reflect or show how many times in other investigations has the individual who conducted the Defendant's investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination concluded that no harassment, discrimination and/or wrongful termination took place.

8

49.    Documents that reflect or show how many times in other investigations has the individual who conducted the Defendant's investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination concluded that harassment, discrimination and/or wrongful termination did take place.

50.    Documents including notes that were taken in the course of the Defendant's investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination.

51.    Documents including witness statements that were obtained in the course of the Defendant's investigation into Plaintiff's complaint(s) of harassment, discrimination and/or wrongful termination.

52.    Documents that Relate or Pertain to any results or conclusions reached by the Defendant in its investigation into Plaintiff complaint(s) of harassment, discrimination and/or wrongful termination.

53.    Documents supplied to Defendant by any state or federal agency regarding Plaintiff.

54.    Documents supplied to any state or federal agency by Defendant regarding Plaintiff.

55.    All documents that support your decision to terminate the Plaintiff.

56.    All documents that relate to the quality of work of the Plaintiff.

57.    All documents that relate to any unprofessional conduct of the Plaintiff.

58.    All emails sent by Plaintiff from January 1st, 2017 and the present.

59.    All emails sent to Plaintiff from January 1st, 2017 and the present.

60.    All emails discussing Plaintiff or the quality of Plaintiff's work.

61.    All employment applications received from January 1, 2015 through the present.

62.    All documents sent to any expert witness in the matter.

63.    All documents prepared by any expert witness in this matter.

64.    Documents from employee databases (ex. ADP, Oracle) that Relate or Pertain statistics as to Defendant's employment practices including hire dates, termination dates, termination reason, job classification, salary, age, sex, affirmative action code and job title, for employees from

January 1, 2015 through the present (employee names may be redacted to the first letter of their first name, and social security numbers may be redacted to last four digits).

65.    All EEO-1 reports you prepared or filed with the United States Department of Labor from January 1, 2015 through the present.

66.    All VETS 100/VETS-100A reports you prepared or filed with the United States Department of Labor from January 1, 2015 through the present.

67.    All documents identified in your answer to any interrogatories in this matter.

68.    Documents describing, constituting, summarizing, supporting or referring to any affirmative defense to Plaintiff's Petition You are asserting.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By:*/s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served, including a copy in MS Word format on CD Rom, along with the summons to the defendant:

*/s/ Kevin J. Kasper*

10

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
CIRCUIT JUDGE DIVISION**

| | | |
|---|---|---|
| **TYHLAN DEES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **IRON MOUNTAIN INCORPORATED,** | ) | |
| **Serve:** | ) | |
| **Person having charge** | ) | |
| **36Commerce Drive** | ) | **JURY TRIAL DEMANDED** |
| **O'Fallon, MO 63366** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MOTION FOR SPECIAL PROCESS SERVER**</u>

Plaintiff requests that Wayne Polette, 3930 Old Hwy 94 South, Suite 108, Saint Charles,

MO 63304, be appointed special process server for the above cause.

**Person having charge
36 Commerce Drive
O'Fallon, MO 63366**

Respectfully submitted:
KASPER LAW FIRM, LLC

By:  /s/ Kevin J. Kasper
Kevin J. Kasper, No. 52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South, Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: kevinkasper@kasperlawfirm.net
Email: ryanschellert@kasperlawfirm.net

Attorneys for Plaintiff

**2011-CC01068**

Electronically Filed - St Charles Circuit Div - November 09, 2020 - 01:26 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | |
|---|---|
| **TYHLAN DEES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **IRON MOUNTAIN INCORPORATED,** | ) |
| **Serve:** | ) |
| **Person having charge** | ) |
| **36Commerce Drive** | )     **JURY TRIAL DEMANDED** |
| **O'Fallon, MO 63366** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION FOR SPECIAL PROCESS SERVER

Plaintiff requests that Wayne Polette, 3930 Old Hwy 94 South, Suite 108, Saint Charles,

MO 63304, be appointed special process server for the above cause.

**Person having charge**
**36 Commerce Drive**
**O'Fallon, MO 63366**

Respectfully submitted:

KASPER LAW FIRM, LLC

By: /s/ Kevin J. Kasper
Kevin J. Kasper, No. 52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South, Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: kevinkasper@kasperlawfirm.net
Email: ryanschellert@kasperlawfirm.net

Attorneys for Plaintiff

ALL RISKS TO
REQUESTING PARTY
SO APPOINTED:
/S/  Cheryl Crowder 2:59 pm, Nov 09, 2020

Electronically Filed - St Charles Circuit Div - November 19, 2020 - 03:29 PM



**IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | Case Number: **2011-CC01068** |
| Plaintiff/Petitioner:<br>TYHLAN ZYAIRE DEES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO 63304 |
| Defendant/Respondent:<br>IRON MOUNTAIN INCORPORATED | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: IRON MOUNTAIN INCORPORATED
                          Alias:

36 COMMERCE DRIVE
O'FALLON, MO 63366

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____11/9/2020_____                    _____/S/ Cheryl Crowder_____
Date                                   Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☑ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☑ other: Alex Crossman - Records Center Coordinator _____.
Served at 36 Commerce Dr. _____ (address)
in St. Charles (County)/City of St. Louis), MO, on 11-18-20 (date) at 4:10 p (time).
Wayne Polette _____        Wayne Polette
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 11-19-20 (date).

AMANDA L. MILLER
Notary Public – Notary Seal
St Charles County – State of Missouri
Commission Number 13534804
My Commission Expires Oct 6, 2021

My commission expires: 10-6-2021 _____
                        Date                    Notary Public

Sheriff's Fees, if applicable
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-2035    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Charles Circuit Div - November 19, 2020 - 03:29 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | | | |
|---|---|---|---|
| TYHLAN DEES, | ) | | |
| | ) | | |
| **Plaintiff,** | ) | **Case No.:** | **2011-CC01068** |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| IRON MOUNTAIN INCORPORATED | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS and FIRST SET OF INTERROGATORIES, were served the 18th, day of November 2020 via hand delivery by special process server with the Petition to:

**IRON MOUNTAIN INCORPORATED,**
 **Serve:**
 **Person having charge**
 **36 Commerce Drive**
 **O'Fallon, MO 63366**


Respectfully submitted,

**KASPER LAW FIRM, LLC**


By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed - St Charles Circuit Div - November 19, 2020 - 03:29 PM

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above document was sent/served via the courts electronic filing system on the 19th day of November 2020.

/s/ Kevin J. Kasper